TREG R. TAYLOR
ATTORNEY GENERAL
Ronald W. Opsahl (Alaska Bar No. 2108081)
Senior Assistant Attorney General
Department of Law
1031 W. 4th Avenue, Suite 200
Anchorage, Alaska 99501
Telephone: (907) 269-5232
Facsimile: (907) 276-3697
Email: ron.opsahl@alaska.gov

Attorney for the State of Alaska

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STATE OF ALASKA,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | CIVIL ACTION NO:<br><br>**COMPLAINT TO QUIET TITLE AND FOR DECLARATORY JUDGMENT** |

## INTRODUCTION

1. The State of Alaska (the "State"), through the office of the Attorney General, brings this action for declaratory relief and to quiet title to state-owned submerged land underlying the South Fork and Middle Fork of the Koyukuk River, the Bettles River, and the Dietrich River, as detailed below (the "Subject Submerged Lands").

2. The South and Middle Forks of the Koyukuk River, the Bettles River and the Dietrich River (the "Subject Waters") are navigable-in-fact waters within the boundaries of the State of Alaska, and the State obtained ownership to the Subject Submerged Lands on the date of statehood pursuant to the Equal Footing Doctrine, the Submerged Lands Act, and the Alaska Statehood Act.

3. The State brings this action because the United States claims ownership to the Subject Submerged Lands underlying the Subject Waters. This claim of federal ownership creates a cloud on the State's title and causes uncertainty regarding the ownership, use, management, and control of the State's submerged lands.

## JURISDICTION AND VENUE

4. The State brings this action under the Quiet Title Act ("QTA"), 28 U.S.C. § 2409a, which authorizes a federal district court to adjudicate disputes over the title to real property in which the United States claims an interest, and under the Declaratory Judgment Act, 28 U.S.C. § 2201, which authorizes a federal district court to declare the rights and legal relations of an interested party seeking such a declaration.

5. This Court has jurisdiction over this action because the QTA waives sovereign immunity of the Federal government to resolve disputes over the title to real property in which the United States claims an interest. *Id.*

6. The State satisfied the QTA's requirement to provide 180-days' notice of intent prior to the initiation of this action. *See* 28 U.S.C. § 2409a(m). By letter dated August 24, 2018, the Office of the Attorney General for the State of Alaska provided

*State of Alaska v. United States*　　　　　　　　　　　　　　　Civil Action No.:_____
Complaint
　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2 of 12
Case 3:21-cv-00221-JMK　　Document 1　　Filed 10/06/21　　Page 2 of 12

notice of its intent to file suit regarding the ownership of the Subject Submerged Lands underlying the Subject Waters. *See* Ex. 1 (attached hereto).[1]

7. This is an action brought by a state and is timely under 28 U.S.C. § 2409a(g).

8. Federal district courts have exclusive original jurisdiction over civil actions arising under the QTA. 28 U.S.C. § 1346(f).

9. Venue is proper in this Court under 28 U.S.C. § 1391(e) because the lands at issue in this lawsuit are located within the District of Alaska.

10. A case or controversy has arisen over the State's ownership of the submerged lands described herein and its jurisdiction to regulate and control this land.

## PARTIES

11. The Plaintiff State of Alaska is a sovereign state, with a sovereign interest in the management and conservation of the beds of navigable rivers and other navigable waters and submerged lands to which it has title, including the Subject Submerged Lands. In bringing this lawsuit, the State seeks to confirm its right to manage its own lands, and to remediate and prevent the attendant harm of being deprived of this right.

12. Defendant United States of America ("United States") is a sovereign nation and claims an interest in the Subject Submerged Lands, as more fully set forth below.

---

[1] The State notes that the August 24, 2018, notice of intent includes submerged lands that are not subject to this litigation. The exclusion of those lands in the instant suit does not waive of the State's claim of ownership of those lands.

*State of Alaska v. United States*　　　　　　　　　　　　　　　　Civil Action No.:_____
Complaint　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 3 of 12
Case 3:21-cv-00221-JMK　　Document 1　　Filed 10/06/21　　Page 3 of 12

## DESCRIPTION OF THE SUBJECT WATERS AND SUBMERGED LANDS

13. The Koyukuk River is an approximately 425-mile-long tributary of the Yukon River within the State of Alaska. With headwaters above the Arctic Circle in the Endicott Mountains of the Brooks Range, the Koyukuk River drains an area north of the Yukon River that includes part of the Gates of the Arctic National Park and Preserve as well as the Kanuti National Wildlife Refuge and the Koyukuk National Wildlife Refuge. The Koyukuk River flows generally southwest to meet the Yukon River at the Village of Koyukuk. Although portions of the Koyukuk River have been conveyed to Alaska Native Corporations pursuant to the Alaska Native Claims Settlement Act ("ANCSA") and to the State of Alaska,[2] the portions of the Koyukuk River that constitute the subject matter of this action are as follows:

    a. The Middle Fork of the Koyukuk River from its source at the confluence of the Bettles and Dietrich Rivers downstream to its confluence with the Hammond River, including all lands between the ordinary high-water marks of the left and right banks of the Middle Fork of the Koyukuk River within the following townships:

        T. 33 N., R. 10 W., Fairbanks Meridian ("F.M."),

        T. 32 N., R. 10 W., F.M.,

        T. 31 N., R. 10 W., F.M.,

        T. 31 N., R.11 W., F.M., and

---

[2] Those previously conveyed portions of the Koyukuk River are not subject to this litigation.

*State of Alaska v. United States*                                                Civil Action No.:_____
Complaint                                                                      Page 4 of 12
Case 3:21-cv-00221-JMK    Document 1    Filed 10/06/21    Page 4 of 12

T. 30 N., R. 11 W., F.M.

*See* Ex. 2 (attached hereto) (depicting the location of portions of the Subject Waters).

b.  The portions of the South Fork of the Koyukuk River from its confluence with Glacier Creek in Section 18, T.29 N., R. 8 W., F.M. downstream to its confluence with Eagle Creek that have not been conveyed to ANCSA Corporations or the State of Alaska. This includes all lands between the ordinary high-water marks of the left and right banks of the South Fork of the Koyukuk River within the following townships:

T. 29 N., R. 8 W., F.M.,

T. 29 N., R. 9 W., F.M.,

T. 28 N., R. 9 W., F.M.,

T. 27 N., R. 9 W., F.M.,

T. 27 N., R. 10 W., F.M.,

T. 27 N., R. 11 W., F.M.,

T. 26 N., R. 11 W., F.M.,

T. 26 N., R. 12 W., F.M.,

T. 25 N., R. 12 W., F.M.,

T. 25 N., R. 13 W., F.M., and

T. 25 N., R. 14 W., F.M.

*See* Ex. 3 (attached hereto) (depicting the location of portions of the Subject Waters).

*State of Alaska v. United States*  Civil Action No.:_____
Complaint  Page 5 of 12
Case 3:21-cv-00221-JMK   Document 1   Filed 10/06/21   Page 5 of 12

14. The Bettles River is an approximately seventeen-mile-long tributary of the Middle Fork of the Koyukuk River. The portion of the Bettles River that constitutes the subject matter of this action runs from the east township line of T. 32 N., R. 10 W., F.M., downstream to its confluence with the Dietrich River. This includes all lands between the ordinary high-water marks of the left and right banks of the Bettles River within the following townships:

    T. 32 N., R. 10 W., F.M., and

    T. 33 N., R. 10 W., F.M.

*See* Ex. 2.

15. The Dietrich River is an approximately thirty-five-mile-long tributary of the Middle Fork of the Koyukuk River. The portion of the Dietrich River that constitutes the subject matter of this action runs from its confluence with Nutirwik Creek downstream to its confluence with the Bettles River, including all lands between the ordinary high-water marks of the left and right banks of the Dietrich River within the following townships:

    T. 36 N., R. 10 W., F.M.,

    T. 35 N., R. 10 W., F.M.,

    T. 34 N., R. 10 W., F.M., and

    T. 33 N., R. 10 W., F.M.

*See* Ex. 2.

16. The Subject Waters have been used, and were susceptible of being used, in their natural and ordinary condition, as highways of commerce, over which trade and

*State of Alaska v. United States*  
Complaint  
Civil Action No.:_____  
Page 6 of 12  
Case 3:21-cv-00221-JMK   Document 1   Filed 10/06/21   Page 6 of 12

travel are or may have been conducted in the customary modes of trade and travel on water before Alaska became a state in 1959, and continued in that condition though the time of statehood.

## THE STATE'S TITLE TO THE SUBJECT SUBMERGED LANDS

17. The Equal Footing Doctrine of the U.S. Constitution guarantees to newly-admitted states the same rights enjoyed by the original thirteen states and other previously-admitted states. *Utah v. United States*, 482 U.S. 193, 196 (1987); *Alaska v. Ahtna, Inc.*, 891 F.2d 1401, 1404 (9th Cir. 1989). This includes title ownership to lands underlying navigable and tidally influenced waters. *Utah*, 482 U.S. at 196.

18. Congress codified the Equal Footing Doctrine with the Submerged Lands Act of 1953, which expressly vested in the states "title to and ownership of lands beneath navigable waters within the boundaries of respective States." 43 U.S.C. § 1311(a) (2012).[3] Congress expressly extended applicability of the Submerged Lands Act to Alaska in the Alaska Statehood Act. Pub. L. 85-508, § 6(m), 72 Stat. 339 (1958) (codified at 48 U.S.C. note prec. § 21).

---

[3] In pertinent part, the Submerged Lands Act defines "lands beneath navigable waters" as:

> all lands within the boundaries of each of the respective States which are covered by nontidal waters that were navigable under the laws of the United States at the time such State became a member of the Union, or acquired sovereignty over such lands and waters thereafter, up to the ordinary high water mark as heretofore or hereafter modified by accretion, erosion, and reliction[.]

43 U.S.C. § 1301(a)(1).

*State of Alaska v. United States*  Civil Action No.:_____
Complaint  Page 7 of 12
Case 3:21-cv-00221-JMK   Document 1   Filed 10/06/21   Page 7 of 12

19. Unless a valid pre-statehood withdrawal clearly included the Subject Submerged Lands and evinced an unambiguous intent to defeat Alaska's statehood title, Alaska was granted ownership of the Subject Submerged Lands by operation of law at statehood. *See United States v. Holt State Bank*, 270 U.S. 49, 55 (1926) (citing *Shively v. Bowlby*, 152 U.S. 1, 49, 57, 58 (1894)).

20. Congress has made no pre-statehood withdrawal that would defeat Alaska's title to the Subject Submerged Lands.

21. Thus, Alaska's title to the Subject Submerged Lands vested at statehood on January 3, 1959 by operation of the Equal Footing Doctrine, the Submerged Lands Act, and the Alaska Statehood Act.

### UNITED STATES' DETERMINATIONS OF NON-NAVIGABILITY OF SUBJECT WATERS AND OWNERSHIP OF THE SUBJECT SUBMERGED LANDS

22. Despite the State's title to the Subject Submerged Lands vesting at statehood, the United States, through the Bureau of Land Management ("BLM"), has failed to acknowledge the State's ownership. Instead, the United States has claimed that the Subject Waters are non-navigable, and hence did not convey to the State at statehood.

23. Specifically, the Alaska State Office of the BLM has issued the following administrative decisions purporting to find that the Subject Waters are non-navigable:

   a. A March 16, 2011, decision that purported, *inter alia*, to find non-navigable the disputed portion of the Middle Fork of the Koyukuk River;

   b. Decisions dated December 7, 1981, February 19, 1982, November 23, 1982, March 4, 1982, March 4, 1983, September 22, 1983, June 6, 1986,

*State of Alaska v. United States*  Civil Action No.:_____
Complaint  Page 8 of 12
Case 3:21-cv-00221-JMK   Document 1   Filed 10/06/21   Page 8 of 12

and August 12, 1988, which purported, *inter alia*, to find non-navigable the disputed portion of the South Fork of the Koyukuk River;

c. Decisions dated February 17, 1983, July 20, 1984, and March 11, 2011, which purported, *inter alia*, to find non-navigable the disputed portion of the Bettles River; and

d. A March 11, 2011, decision which purported, *inter alia*, to find non-navigable the disputed portion of the Dietrich River.

24. These erroneous BLM decisions regarding the navigability of the Subject Waters, and hence the ownership of the Subject Submerged Lands, cast a cloud on the rights and title of the State to the Subject Submerged Lands.

## NAVIGABILITY OF THE SUBJECT SUBMERGED LANDS

25. The Subject Waters were in their natural and ordinary conditions at the time of statehood and remain in their natural and ordinary conditions today.

26. The Subject Waters were navigable-in-fact as they were used or were susceptible of being used in their ordinary condition as a highway for commerce over which trade and travel may be conducted in the customary modes of trade and travel, including, but not limited to, the following specific uses: (a) in its fluid capacity as a highway—floating of logs, use by wooden and skin boats, log and inflatable rafts, power and jet boats, and canoes providing transportation for individuals and supplies, for subsistence and recreational guided and non-guided hunting and fishing activities, for trapping, mining and prospecting, freighting and similar purposes, related to commerce and travel; and (b) any other additional uses the State proves at trial.

*State of Alaska v. United States*  Civil Action No.:_____
Complaint  Page 9 of 12
Case 3:21-cv-00221-JMK   Document 1   Filed 10/06/21   Page 9 of 12

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment)

27. Plaintiff realleges the allegations contained in paragraphs 1–26 above.

28. The Subject Waters were navigable-in-fact at the time of statehood, and there were no valid pre-statehood withdrawals in effect for these disputed areas that defeated the State's interest in the submerged lands. Therefore, title to the Subject Submerged Lands transferred to the State as a matter of law pursuant to the Equal Footing Doctrine, the Submerged Lands Act, and the Alaska Statehood Act.

29. The United States denies the navigability of the Subject Waters, and therefore denies that title of the Subject Submerged Lands conveyed to the State at statehood.

30. Pursuant to 28 U.S.C. § 2201, the State is entitled to a declaration that the Subject Waters were navigable in fact, or susceptible to navigation, at the time of statehood, and remain so today.

31. Further, pursuant to 28 U.S.C. § 2201, the State is entitled to a declaration that no pre-statehood withdrawal in effect at the time of statehood defeated the State's interest in Subject Submerged Lands.

## SECOND CLAIM FOR RELIEF
### (Quiet Title for the State against United States)

32. Plaintiff realleges the allegations contained in paragraphs 1–31 above.

33. Pursuant to 28 U.S.C. § 2409a, the United States is subject to suit to quiet title to real property in which both the State and the United States claim an interest.

*State of Alaska v. United States*  Civil Action No.:_____
Complaint  Page 10 of 12
Case 3:21-cv-00221-JMK   Document 1   Filed 10/06/21   Page 10 of 12

34. The Subject Waters were navigable-in-fact at the time of statehood, and there were no valid pre-statehood withdrawals in effect for these disputed areas that defeated the State's interest in the submerged lands. Therefore, title to the Subject Submerged Lands transferred to the State as a matter of law pursuant to the Equal Footing Doctrine, the Submerged Lands Act, and the Alaska Statehood Act.

35. The State is entitled to an order of this Court quieting title to the Subject Submerged Lands.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff State of Alaska prays as follows:

1. That this Court enter judgment declaring that the Subject Waters are navigable-in-fact and that there were no pre-statehood withdrawals in effect at the time of statehood that defeated the State's interest to the Subject Submerged Lands.

2. That this Court enter an order quieting title in the State of Alaska to the Subject Submerged Lands, and declaring that the United States has no title thereto or interest therein.

3. That the Plaintiff State of Alaska be awarded costs and attorney's fees.

4. For such further and other relief as the Court may deem just and proper.

*State of Alaska v. United States*             Civil Action No.:_____
Complaint             Page 11 of 12
Case 3:21-cv-00221-JMK    Document 1    Filed 10/06/21    Page 11 of 12

DATED: October 5, 2021, at Anchorage, Alaska.

        TREG R. TAYLOR
        ATTORNEY GENERAL

By:   /s/ Ronald W. Opsahl
      Ronald W. Opsahl (Alaska Bar No. 2108081)
      Senior Assistant Attorney General
      Department of Law
      1031 W. 4th Avenue, Suite 200
      Anchorage, Alaska 99501
      Telephone: (907) 269-5232
      Facsimile: (907) 279-2834
      Email: ron.opsahl@alaska.gov

      Attorney for the State of Alaska

*State of Alaska v. United States*     Civil Action No.:_____
Complaint     Page 12 of 12
Case 3:21-cv-00221-JMK   Document 1   Filed 10/06/21   Page 12 of 12