TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice
THOMAS W. PORTS, JR.
LEILANI DOKTOR
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 305-0492
Fax: (202) 305-0506
thomas.ports.jr@usdoj.gov
leilani.doktor@usdoj.gov

Counsel for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STATE OF ALASKA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | CASE NO. 3:21-cv-00221-SLG<br><br>**ANSWER AND AFFIRMATIVE DEFENSES** |

Pursuant to Federal Rule of Civil Procedure 8, the United States of America, by its undersigned counsel, submits the following Answer and Affirmative Defenses to the claims and allegations set forth in the First Amended Complaint (ECF No. 9) filed by the State of Alaska.

**RESPONSES TO COMPLAINT ALLEGATIONS**

The paragraph numbers and headings in this Answer correspond to the paragraph numbers and headings in Plaintiff's Complaint. The United States does not specifically respond to any section headings included in the Complaint, but to the extent those headings expressly or implicitly include allegations, Defendants deny those allegations.

*State of Alaska v. United States of America*
Case No. 3:21-cv-00221-SLG　　　　1
Case 3:21-cv-00221-SLG　　Document 17　　Filed 08/30/22　　Page 1 of 10

# INTRODUCTION

1. The allegations in Paragraph 1 constitute Plaintiff's characterization of its case to which no response is required.

2. The allegations in Paragraph 2 are legal conclusions to which no response is required. To the extent a response may be required, the United States denies the allegations with respect to the Subject Waters of the Middle Fork of the Koyukuk River and the Dietrich River.[1] The United States lacks sufficient knowledge or information to form a belief as to the subject waters of the Bettles River and on that basis denies the allegations.[2]

3. The allegations in the first sentence of Paragraph 3 characterize Plaintiff's reason for bringing suit; the United States lacks sufficient knowledge or information to form a belief as to the truth of those allegations. The allegations in the second sentence of Paragraph 3 are legal conclusions to which no response is required. To the extent a response is required, the United States admits the allegations in the second sentence of Paragraph 3 with regard to the Subject

---

[1] The United States notes that in its order on the United States' Motion to Dismiss the Court misidentified the requester of the 2011 memorandum as the State of Alaska. ECF 16 at 3, 13. The requester of the 2011 memorandum was actually a BLM employee; the Acting Manager for BLM's Central Yukon Field Office. ECF No. 11-2 at 1. In ruling on the United States' Motion to Dismiss, the Court appeared to believe the United States' dispute of the State's claim to title to the Subject Waters of the Dietrich River must rest on the 2011 memorandum. ECF No. 16 at 12-13. Although that memorandum was the only basis Plaintiff cited to argue the United States had disputed Plaintiff's title, a 12(b)(1) motion to dismiss is not limited to the facts alleged in the complaint. The United States is aware it has taken other actions that were likely sufficient to implicitly dispute the title claim Plaintiff now asserts to the Subject Waters of the Dietrich and thus waived sovereign immunity. Accordingly, for reasons other than the 2011 memorandum, Defendants did not move to dismiss Plaintiff's claim to the Dietrich based on lack of a disputed title.

[2] Prior to this suit, the United States is not aware that it has ever studied whether the Subject Waters of the Bettles are navigable for title purposes and has limited information regarding the Subject Waters. Although the Court ruled otherwise in denying the United States' motion to dismiss, the United States maintains its position that the 2011 memorandum did not establish a dispute of title for the Subject Waters of the Bettles.

*State of Alaska v. United States of America*
Case No. 3:21-cv-00221-SLG  2
Case 3:21-cv-00221-SLG   Document 17   Filed 08/30/22   Page 2 of 10

Waters of the Middle Fork of the Koyukuk and the Dietrich River. *See supra*, n. 1. The United States denies the allegations in the second sentence of Paragraph 3 with regard to the Subject Waters of the Bettles River. *See supra*, n. 2.

## JURISDICTION AND VENUE

4. The allegations in the first part of Paragraph 4 constitute a characterization of Plaintiffs' suit, to which no response is required. The remaining allegations in Paragraph 4 purport to characterize the Quiet Title Act and the Declaratory Judgment Act which speak for themselves and are the best evidence of their contents. The United States denies any allegations inconsistent with the Quiet Title Act or the Declaratory Judgment Act.

5. The allegations in Paragraph 5 are legal conclusions to which no response is required. To the extent a response is required, the United States admits the Court has jurisdiction over this action as it applies to Subject Waters of the Middle Fork Koyukuk and the Dietrich that are not Indian lands. *See supra*, n.1. The United States denies that the court has jurisdiction over the Subject Waters of the Bettles River. *See supra*, n.2.

6. The allegations in the first sentence of Paragraph 6 are legal conclusions to which no response is required. To the extent a response is required, the United States admits that the State provided 180-days' notice of intent prior to the initiation of this action. The allegations in the second and third sentence of Paragraph 6 purport to characterize the contents of a letter, which letter speaks for itself and is the best evidence of its contents. The United States denies any allegation inconsistent with the plain language, context, meaning, or effect of the letter.

7. The allegations in Paragraph 7 are legal conclusions to which no response is required. To the extent a response is required, the United States admits the allegations.

8. The allegations in Paragraph 8 are legal conclusions to which no response is required. To the extent a response is required, the United States admits the allegations.

*State of Alaska v. United States of America*
Case No. 3:21-cv-00221-SLG 3
Case 3:21-cv-00221-SLG   Document 17   Filed 08/30/22   Page 3 of 10

9. The allegations in Paragraph 9 are legal conclusions to which no response is required. To the extent a response is required, the United States admits the allegations.

10. The allegations in Paragraph 10 are legal conclusions to which no response is required. To the extent a response is required, the United States admits that it has likely implicitly disputed title to the State's title claim to the Middle Fork of the Koyukuk River and to the Dietrich River. *See supra*, n.1. The United States denies that it has disputed title to the Subject Waters of the Bettles River and denies there is a case or controversy regarding those submerged lands. *See supra*, n.2.

## PARTIES

11. The allegations in the first sentence of Paragraph 11 are legal conclusions to which no response is required. To the extent a response is required, the United States admits the State of Alaska is a sovereign state but the remaining allegations in the first sentence of Paragraph 11 are vague and ambiguous such that the United States lacks sufficient knowledge or information to form a belief as to their truth and on that basis denies the remaining allegations. The allegations in the second sentence of Paragraph 11 characterize Plaintiff's reasons for bringing suit about which the United States lacks sufficient knowledge or information to form a belief as to their truth and on that basis denies those allegations..

12. The United States admits that it is a sovereign nation. The remaining allegations in Paragraph 12 are vague and ambiguous such that the United States lacks sufficient knowledge or information to form a belief as to their truth and on that basis denies the remaining allegations. .

*State of Alaska v. United States of America*
Case No. 3:21-cv-00221-SLG 4
Case 3:21-cv-00221-SLG   Document 17   Filed 08/30/22   Page 4 of 10

## DESCRIPTION OF THE SUBJECT WATERS AND SUBMERGED LANDS

13. The United States admits the first three sentences of Paragraph 13. The United States admits the first part of the fourth sentence of Paragraph 13 that portions of the Koyukuk River have been conveyed to Alaska Native Corporations pursuant to the Alaska Native Claims Settlement Act ("ANCSA") and to the State of Alaska. The remainder of the fourth sentence of Paragraph 13 characterize Plaintiff's complaint and the relief Plaintiff seeks. Accordingly, no response is required.

14. The United States denies the first sentence of Paragraph 14 and avers that the Bettles River combines with the Dietrich River to form the headwaters of the Middle Fork Koyukuk River. The second and third sentences of Paragraph 14 characterizes Plaintiff's complaint and the relief Plaintiff seeks. Accordingly, no response is required.

15. The United States denies the first sentence of Paragraph 15 and avers that the Dietrich River combines with the Bettles River to form the headwaters of the Middle Fork Koyukuk River. The second sentence of Paragraph 15 characterizes Plaintiff's complaint and the relief Plaintiff seeks. Accordingly, no response is required.

16. The allegations in Paragraph 16 are legal conclusions to which no response is required. To the extent a response may be required, the allegations are too vague and ambiguous for the United States to form an opinion as to their truth and on that basis denies them.

### "THE STATE'S TITLE TO THE SUBJECT SUBMERGED LANDS"

17. The allegations in Paragraph 17 are legal conclusions to which no response is required. To the extent a response is required, the United States admits the allegations in Paragraph 17 are generally accurate, though incomplete, summaries of the law.

18. The allegations in Paragraph 18 are legal conclusions to which no response is required. To the extent a response is required, the United States admits the allegations in Paragraph 18 are generally accurate, though incomplete, summaries of the law.

19. The allegations in Paragraph 19 are legal conclusions to which no response is required. To the extent a response is required, the United States denies the allegations with regard to the Middle Fork of the Koyukuk river and the Dietrich River. With regard to the Bettles River, the allegations are vague, ambiguous, devoid of any facts, and United States lacks information sufficient to form a belief as to their truth and on that basis denies them.

20. The allegations in Paragraph 20 are legal conclusions to which no response is required. To the extent a response is required, the United States admits there is no pre-statehood withdrawal that impacts the Subject Submerged Lands.

21. The allegations in Paragraph 21 are legal conclusions to which no response is required. To the extent a response is required, the United States admits Alaska became a State on January 3, 1959 and on that date Alaska's title vested to submerged lands underlying navigable waters not otherwise reserved. To the extent Paragraph 21 seeks to allege the Subject Waters of the Middle Fork of the Koyukuk or the Dietrich were navigable in fact on that date, the United States denies any such allegation. To the extent Paragraph 21 seeks to allege the Subject Waters of the Bettles were navigable in fact on January 3, 1959, any such allegations are vague, ambiguous, devoid of any facts, and the United States lacks information sufficient to form a belief as to their truth and on that basis denies them.

**"UNITED STATES' DETERMINATIONS OF NON-NAVIBABILITY OF SUBJECT WATERS AND OWNERSHIP OF THE SUBJECT LANDS"**

22. The allegations in Paragraph 22 are legal conclusions to which no response is required. To the extent a response is required, the United States admits that it has never

*State of Alaska v. United States of America*
Case No. 3:21-cv-00221-SLG  6
Case 3:21-cv-00221-SLG   Document 17   Filed 08/30/22   Page 6 of 10

acknowledged that the State holds title to the Subject Submerged Lands. The United States proffers that there is a process through with the State of Alaska can request a Recordable Disclaimer of Interest from the Bureau of Land Management to ask the United Sates, through the Bureau of Land Management, to disclaim federal ownership of submerged lands, but the State has not submitted a request pursuant to this process for these waters. The United States admits that it has implicitly disputed the State's title to the Subject Waters of the Middle Fork Koyukuk and the Dietrich. The United States denies that it has claimed the Bettles is non-navigable, or that it has taken any position on whether it conveyed to the State at statehood.

23. The United States admits that a subordinate office within the Alaska State Office of the Bureau of Land Management created a document dated March 16, 2011 that contained statements regarding portions of the Middle Fork of the Koyukuk River, Dietrich River, and Bettles River. To the extent the Paragraph 23 purport to characterize the character or content of that document, that document speaks for itself and is the best evidence of its contents. The United States denies any allegations to the extent they are inconsistent with that document.

24. The allegations in Paragraph 24 are legal conclusions to which no response is required. To the extent a response is required the United States denies the allegations.

"NAVIGABILITY OF THE SUBJECT SUBMERGED LANDS"

25. The allegations in Paragraph 25 are legal conclusions to which no response is required. To the extent a response may be required, the United States denies the allegations.

26. The allegations in Paragraph 26 are legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 26 are too vague and ambiguous for the United States to form an opinion as to their truth and on that basis denies them.

*State of Alaska v. United States of America*
Case No. 3:21-cv-00221-SLG 7
Case 3:21-cv-00221-SLG   Document 17   Filed 08/30/22   Page 7 of 10

# FIRST CLAIM FOR RELIEF
## (Declaratory Judgment)

27. The United States incorporates by reference its responses to the preceding paragraphs.

28. The allegations in Paragraph 28 are legal conclusions to which no response is required. To the extent a response is required, the United States admits there was no pre-statehood withdraw in effect for the submerged lands under the Subject Waters. The bare allegation that the Subject Waters were "navigable-in-fact at the time of statehood" is vague, ambiguous, lacking any facts, and the United States lacks information sufficient to form an opinion as to the Subject Waters of the Bettles River and on those bases denies the allegations. The United States denies the allegations with respect to the Subject Waters of the Middle Fork Koyukuk and Dietrich. The United States denies the allegations in the second sentence of Paragraph 28 with regards to the Subject Waters of the Middle Fork Koyukuk and Dietrich. The United States lacks sufficient knowledge or information regarding the allegations in the second sentence of Paragraph 28 to form a belief as to the subject waters of the Bettles River and on that basis denies the allegations.

29. The allegations in Paragraph 29 are legal conclusions to which no response is required. To the extent a response is required, the United States admits that it has implicitly disputed the State's claimed title to the Subject Waters of the Middle Fork Koyukuk and Dietrich Rivers, but denies that it has ever taken a position regarding the navigability of the Subject Waters of the Bettles River.

30. The allegations in Paragraph 30 are legal conclusions to which no response is required. To the extent a response is required, the United States denies the allegations.

*State of Alaska v. United States of America*
Case No. 3:21-cv-00221-SLG  8
Case 3:21-cv-00221-SLG   Document 17   Filed 08/30/22   Page 8 of 10

31. The allegations in Paragraph 31 are legal conclusions to which no response is required. To the extent a response is required, the United States admits no pre-statehood withdraw was in effect but denies that the State is entitled to a declaration to that effect.

**SECOND CLAIM FOR RELIEF**
**(Quiet Title for the State against United States)**

32. The United States incorporates by reference its responses to the preceding paragraphs.

33. The allegations in Paragraph 33 are legal conclusions to which no response is required. To the extent a response is required, the United States admits that Paragraph 33 is a generally accurate, though incomplete, statement of the law.

34. The allegations in Paragraph 34 are identical to the allegations in Paragraph 28. Accordingly, the United States incorporates its response to Paragraph 28 that the allegations in Paragraph 34 are legal conclusions to which no response is required. To the extent a response is required, the United States admits there was no pre-statehood withdrawal in effect for the submerged lands under the Subject Waters. The bare allegation that the Subject Waters were "navigable-in-fact at the time of statehood" is vague, ambiguous, lacking any facts, and the United States lacks information sufficient to form an opinion as to the Subject Waters of the Bettles River and on those bases denies the allegations. The United States denies the allegations with respect to the Subject Waters of the Middle Fork Koyukuk and Dietrich. The United States denies the allegations in the second sentence of Paragraph 34 with regards to the Subject Waters of the Middle Fork Koyukuk and Dietrich. The United States lacks sufficient knowledge or information regarding the allegations in the second sentence of Paragraph 34 to form a belief as to the subject waters of the Bettles River and on that basis denies the allegations..

35. The United States denies the allegations in Paragraph 35.

The United States denies any allegations of the Complaint, whether expressed or implied, that are not expressly admitted, denied or qualified herein.

## PRAYER FOR RELIEF

The remainder of the allegations in the Complaint constitute Plaintiffs' request for relief to which no response is required. To the extent a further response is required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

WHEREFORE, the defendant United States prays that the Court deny in all respects Plaintiff's prayers for relief, dismiss the Complaint, enter judgment for the defendants, and grant defendants such other relief as may be appropriate.

## AFFIRMATIVE DEFENSES

The Court lacks subject matter jurisdiction over some of Plaintiffs' claims.

Dated: August 30, 2022

Respectfully Submitted,

*/s/ Thomas W. Ports, Jr.*
Thomas W. Ports, Jr.
Leilani Doktor
Trial Attorneys
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 305-0492
Fax: (202) 305-0506
thomas.ports.jr@usdoj.gov
leilani.doktor@usdoj.gov

*State of Alaska v. United States of America*
Case No. 3:21-cv-00221-SLG    10
Case 3:21-cv-00221-SLG   Document 17   Filed 08/30/22   Page 10 of 10