ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

DUSTIN J. WEISMAN
MICHAEL K. ROBERTSON
150 M Street, N.E.
Washington, DC 20004
Telephone: (202) 305-9609
Fax: (202) 305-0506
Email: dustin.weisman@usdoj.gov
Email: michael.robertson@usdoj.gov

*Counsel for the United States of America*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STATE OF ALASKA,<br><br>   Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>   Defendant. | Case No: 3:21-CV-0221-SLG<br><br>**JOINT STATUS REPORT** |

In accordance with the Court's January 6, 2025, scheduling order (ECF No. 34) and December 4, 2025 Order (ECF No. 37), the Parties submit this Joint Status Report to update the Court on settlement status and propose a schedule for further proceedings. As detailed below, because this action may be fully or partially resolved through the conveyance of lands to the State of Alaska, the Parties respectfully request that the Court

direct the parties to submit a joint status report within 45 days—by March 2, 2026—apprising the Court on the status of settlement, and if necessary, proposing a schedule for further proceedings.

On January 20, 2025, the President issued Executive Order 14153, *Unleashing Alaska's Extraordinary Resource Potential*. Exec. Order No. 14153, 90 Fed. Reg. 8347 (Jan. 20, 2025), https://www.federalregister.gov/documents/2025/01/29/2025-01955/unleashing-alaskas-extraordinary-resource-potential. Section 3(b)(vii) of that Order directed the Secretary of the Interior to "evaluate changes to, including the potential rescission of, Public Land Order 5150" ("PLO 5150"). The potential revocation of PLO 5150 could affect the claims presented in this case.

On February 3, 2025, the Secretary of the Interior issued an order instructing the Department to develop action plans to implement Executive Order 14153. Dep't of the Interior, Secretarial Order No. 3422, *Unleashing Alaska's Extraordinary Resource Potential* (Feb. 3, 2025), https://www.doi.gov/sites/default/files/document_secretarys_orders/so-3422-signed.pdf. In furtherance of the Secretary's Order, on June 30, 2025, the Bureau of Land Management ("BLM") announced that it is reviewing the possible revocation of PLO 5150. According to BLM, revocation "would open the area to location and entry under the public land and mining laws, and to selection by the State of Alaska under the Alaska Statehood Act." *Revocation of Public Land Orders 5150 and 5180, North of Yukon River*, https://eplanning.blm.gov/eplanning-ui/project/2039335/510. Additionally, revocation of PLO 5150 could result in the United States conveying the

lands originally withdrawn by PLO 5150 to the State of Alaska, as well as the submerged lands at issue in this litigation (ownership of which the United States and the State of Alaska dispute).[1]

At the time of the last Joint Status Report, BLM anticipated a decision on the proposed revocation of PLO 5150 would issue in December 2025. That decision, however, remains pending and is now anticipated to issue within the next 60 days.

Given the foregoing, over the past seven months the parties have engaged in good-faith discussions to determine whether the BLM's forthcoming decision on whether to revoke PLO 5150 (and follow-on action by the United States concerning the conveyance of lands to the State) could fully or partially resolve the title dispute in this litigation. As a result, the Parties have not completed fact discovery. The Parties agree that if PLO 5150 is revoked, there is a strong possibility that the issues presented in this case will be resolved—either in whole or in part—without further Quiet Title Act litigation. Proceeding with fact and expert discovery in the meantime would risk substantial unnecessary expense for the parties and inefficient use of judicial resources, particularly if BLM's conveyance actions narrow or eliminate contested issues. Accordingly, the Parties continue to believe the most prudent and efficient course is to vacate discovery and other case deadlines pending BLM's decision on PLO 5150.

---

[1] The State of Alaska does not waive any potential claim arising under the Administrative Procedure Act relating to administrative decisions of navigability or non-navigability of the disputed waters resulting in the BLM charging submerged lands against the State's Statehood Act entitlements. Such a claim, however, would proceed under an action separate from this quiet title action, if at all.

*State of Alaska v. United States*     Case No.: 3:21-CV-0221-SLG
Joint Status Report     Page 3 of 5

Case 3:21-cv-00221-SLG     Document 38     Filed 01/15/26     Page 3 of 5

To keep the Court informed, the Parties propose to file a joint status report on or before March 16, 2026, advising the Court of BLM's decision (or its continued pendency) and, as appropriate, proposing next steps.

Respectfully submitted this 15th day of January 2026.

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

*/s/ Michael K. Robertson*
Dustin J. Weisman
Michael K. Robertson
150 M Street, N.E.
Washington, DC 20004
Telephone: (202) 305-9609
Fax: (202) 305-0506
Email: dustin.weisman@usdoj.gov
Email: michael.robertson@usdoj.gov

*Counsel for the United States of America*

STEPHEN J. COX
ATTORNEY GENERAL

*/s/ Ronald W. Opsahl (by permission)*
Ronald W. Opsahl (Alaska Bar No. 2108081)
Senior Assistant Attorney General
Lael Harrison (Alaska Bar No. 0811093)
Senior Assistant Attorney General
Department of Law
1031 W. 4th Avenue, Suite 200
Anchorage, Alaska 99501
Telephone: (907) 269-5232
Facsimile: (907) 279-2834
Email: ron.opsahl@alaska.gov
Email: lael.harrison@alaska.gov

*Counsel for the State of Alaska*